JAMES MCBRIDE ET AL. v. ACIEL F. WRIGHT ET AL.

*Release of mortgage by cestuis que trustent.*

A mortgage to secure the payment of certain judgments was given to a trustee for the benefit of different judgment creditors, each of whom already held separate mortgages on other property securing the same judgments. The holder of an interest in parcels covered by all these mortgages negotiated for a release and obtained one which purported to discharge from the earlier mortgage only, but which was evidently understood by all parties to release from the later one also. The creditors afterwards obtained an assignment from the trustee and sought to foreclose. *Held*, that a release by the *cestuis que trustent* was good in equity and discharged the later mortgage; that their bill should be dismissed, and that a cross-bill was not necessary for establishing a defence thereto.

Appeal from Gratiot. Submitted June 10. Decided June 15

FORECLOSURE. Complainants appeal. Dismissal affirmed.

*Wheeler & McKnight* for complainants.

*Hanchett & Stark, T. W. Whitney, S. J. Scott, M. L. Anderson, C. J. Willett* and *J. K. Wright* for defendants. Where an instrument intended to effect a release from a

mortgage does not embody the agreement of the parties, its intent will be carried out: 1 Story Eq. Jur. (12th ed.) § 64 g; *Craig v. Leslie* 3 Wheat. 563 :) and the real agreement can be shown; *Picard v. McCormick* 11 Mich. 68; *Rowe v. Wright* 12 Mich. 289; *Stacy v. Kemp* 97 Mass. 166; a mistake in the instrument may be shown by parol evidence in a suit to enforce it: 1 Greenl. Ev. § 296 a; Story Eq. Jur. § 161; *Garlinghouse v. Dixon* Walk. Ch. 440; *Chambers v. Livermore* 15 Mich. 389; *Berry v. Whitney* 40 Mich. 72; *Gillespie v. Moon* 2 Johns. Ch. 585; *Maher v. Hibernia Ins. Co.* 67 N. Y. 290; *Brick v. Brick* 98 U. S. 514; a release of a mortgage by a partner binds the firm: 2 Jones on Mortgages § 958; 1 Pars. Cont. 25; *People v. Keyser* 28 N. Y. 235; *Myrick v. Dame* 9 Cush. 255; *Hall v. Gray* 54 Me. 230; *Fitch v. Forman* 14 Johns. 172.

COOLEY, J. The facts in this case are somewhat complicated, and as the questions involved are questions of fact, we shall content ourselves with stating conclusions.

On the second day of September, 1859, the copartnership of McBride Bros. of the city of New York had a judgment against Lewis M. Clark and Richard G. Hillyer for the sum of $670.10, and the copartnership of Archibald Young & Hoaglan had a like judgment for the sum of $1476.93. To secure the payment of these debts the creditors held separate mortgages on lands in Gratiot county. On the day above named the debtors executed to William L. Webber as trustee for the two copartnerships a third mortgage. The nominal consideration for this was $800, but it was conditioned for the payment of the two judgments. The complainants in this suit are the members or representatives of the two copartnerships named. The Webber mortgage covered blocks seven, eight and seventeen of the village of Pine River, which were embraced in neither of the other mortgages.

In January, 1866, the judgments remained unpaid, and Henry L. Holcomb, who had acquired an interest in the lands covered by the Webber mortgage, and also in certain

parcels covered by the others, went to New York to nego-
tiate for a release. He there saw the members of the two
copartnerships, and agreed with them for a release of certain
described lands, included in blocks seven, eight and seven-
teen above mentioned, for the sum of $700 which he paid.

Whether in the negotiations the Webber mortgage was
mentioned is in dispute; but the release which was drawn,
executed and delivered purported to discharge the lands
from the other two mortgages only, and Holcomb testifies
that he received it in that form on being assured that it was
sufficient to release the lands from the Webber mortgage
also. On the part of complainants the giving of any such
assurance is denied; but we think the probabilities are that
all parties at the time understood that the security the cred-
itors had on blocks seven, eight and seventeen for the pay-
ment of their judgments was to be and was released. Unless
it released from the Webber mortgage, the instrument exe-
cuted was of course, so far as these blocks were concerned,
wholly ineffectual.

In equity the release by the *cestuis que trustent* was a
good release.

The Webber mortgage appears to have been mislaid soon
after it was given, and nothing was done by any one in res-
pect to it until 1878, when some person interested in a par-
cel of the land called upon Mr. Webber for a release of
record. As the condition of the claim at that time was
unknown to him, he addressed the complainants, and they,
claiming it to be still undischarged, called for and obtained
an assignment to themselves and instituted this suit. Our
conclusion is, for the reason above stated, that the suit can-
not be maintained. In equity the mortgage is discharged,
and there is no necessity for a cross-bill to enable the defence
to be made. The case of *Berry v. Whitney* 40 Mich. 65, is
in point here and analogous in principle.

The circuit court having dismissed the bill, the decree
will be affirmed with costs.

The other Justices concurred.