## SEWELL v. UNITED STATES.
### No. 42659.

Court of Claims.
June 7, 1937.

N. Norman Mayer, of New York City, for plaintiff.

Robert N. Anderson, Fred K. Dyar, and Guy Patten, all of Washington, D. C., and James W. Morris, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

660

WHALEY, Judge.

This is a suit to recover an overpayment of income tax paid by the executors and trustees of the estate of Barton Sewell for the year 1927. The executors and trustees included as income in the return of the estate the sum of $35,000 which plaintiff contends should have been deducted as income distributable currently to a beneficiary of the trust in accordance with an order and decree of the Surrogate Court for the county of New York, in the state of New York. There is also a claim that the trustees failed to deduct, as expenses for the year 1927, the sum of $3,000, commissions paid to them in that year for services rendered to the estate. A claim for refund for the excess tax paid was filed by the executors and trustees and rejected by the Commissioner of Internal Revenue. No refund claim was filed for the recovery of the commissions paid to the executors.

It appears that on January 27, 1932, by decree of the Surrogate Court in the county of New York, where the will was probated, the executors and trustees were discharged, and the residue and remainder of the estate and the trust created by the will were turned over to the plaintiff in accordance with the terms and provisions of the will.

In the year 1915 Barton Sewell died, leaving a last will and testament, and a codicil thereto, which was duly admitted to probate by the Surrogate Court in and for the county of New York in the state of New York. Under the provisions of the will and codicil, the executors and trustees were directed to pay to testator's son, Fred W. Sewell, for the living expenses of himself and his family, such portion of the income of the trust as they deemed advisable until the plaintiff herein, the son of Fred W. Sewell, attained the age of 25 years, and then to pay the principal to Fred W. Sewell; and should Fred W. Sewell be not living at that time, to set aside for the benefit of Fred W. Sewell's widow certain securities, the balance to be delivered to the plaintiff. Fred W. Sewell died on January 23, 1922, and his widow, Blanche M. Sewell, brought suit in the Surrogate Court for a construction of the provisions of the will and codicil. During the pendency of the suit, the plaintiff and Blanche M. Sewell entered into a stipulation, which was filed with the court, agreeing to the payment to Blanche M. Sewell of $140,000 out of the accumulated income, and the payment of $35,000 per year out of the income earned in the future during the life of the trust. On December 8, 1926, the Surrogate Court entered its decree in said case in which it was ordered and adjudged, among other things, that the trustees "pay to Blanche M. Sewell, for her own personal use and benefit, the sum of One Hundred Forty Thousand ($140,000) Dollars out of the income accumulated on the remainder of the estate herein from January 23rd, 1922, the date of the death of Fred W. Sewell, to August 28, 1926; * * * that they pay to Blanche M. Sewell, for her own personal use and benefit, at such times and in such amounts as they deem advisable and proper, and until the trust * * * shall cease and determine the net income earned on the principal of the remainder of the estate herein subsequent to August 28th, 1926, * * * said payments to Blanche M. Sewell shall not, however, exceed in the aggregate the sum of Thirty-five Thousand ($35,000) Dollars per annum." This decree was not appealed from and became final. The amount of the accumulated income was paid to Blanche M. Sewell in 1926 and she was assessed by the Internal Revenue Bureau an income tax on $35,000 and it was paid. At the same time the estate was allowed a deduction of $35,000 for the year 1926.

During the year 1927, the estate earned a net income of $55,317.80 and in its federal income tax return for the calendar year 1927 no deduction was taken for the $35,000 and the tax on the full amount of the net earned income for 1927 was paid during the year 1928. The $35,000, which the Surrogate Court had ordered paid to Blanche M. Sewell for her maintenance and support, was not paid by the trustees during the year 1927, although the estate had a net earned income far in excess of the amount, but was paid to her on February 3, 1928. The amount not having been paid to her during the calendar year 1927, she did not include it in her return for taxes for the year 1927 nor did the Commissioner of Internal Revenue make any assessment against her for that year. Blanche M. Sewell, however, paid an income tax for the year 1928 on an amount distributable to her in that year and the estate was allowed a deduction in this amount.

The issue in this case involves the construction of the order of the Surrogate Court in New York county. Does this order direct the trustees to distribute to the beneficiary from the income of the estate an amount, not to exceed $35,000, during the year in which the income is earned by the trust estate or does it confer upon the trustees such discretion as to permit them to accumulate the income and pay it whenever they may deem proper?

Under the Revenue Act of 1926, 44 Stat. 9, 33, § 219 (b) (2) provides: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under paragraph (3) in the same or any succeeding taxable year."

Regulations 69 promulgated under the Revenue Act of 1926 provide:

"Art. 342. *Method of computation of net income and tax.* \* \* \*

"(2) The amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, shall be allowed as an additional deduction in computing the net income of the estate or trust. The amount so allowed as a deduction must be included by a beneficiary in computing his net income, whether distributed to him or not. \* \* \*

"(3) Income received by the estate of a deceased person during the period of administration or settlement of the estate, and income of a trust which may in the discretion of the fiduciary be either distributed to the beneficiary or accumulated, is allowable as an additional deduction in computing the net income of the estate or trust for its taxable year to the amount thereof properly paid or credited during such year to any legatee, heir, or beneficiary. Any amount so allowed as a deduction shall be included by a legatee, heir, or beneficiary in computing his net income."

It is the contention of the defendant that the order of the Surrogate Court in reference to the time in which the trustees were to make payment to Blanche M. Sewell, was solely discretionary, and an unlimited time was given them. In other words, the defendant contends that the words "at such times and in such amounts as they [the trustees] deem advisable and proper" are equivalent to the following words used in the statutes: "which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated"; and that the trustees, not having paid any portion of the $35,000 during the year 1927 to the beneficiary for her maintenance and support, although it is admitted that the estate had earned a net income, after deduction of all expenses, far in excess of the amount provided for in the Surrogate Court order to be paid to the beneficiary, nevertheless, the discretion imposed upon the trustees was so broad and unlimited that they could determine to withhold the sum for any period they might deem proper. This construction, in our opinion, is entirely contrary to what was the object and aim of the Surrogate Court in entering the order which made provision for the maintenance of the widow of Fred W. Sewell when the construction of the will was before the court. "At such time and in such amounts as they deem advisable and proper" was certainly intended to mean that, during the calendar year if the estate earned a net income and this income amounted to as much as $35,000, the widow should receive from the trustees this amount during the calendar year. The decree uses the words "per annum." It is true that the trustees had unlimited discretion in making payment to the widow in such amounts and at such times during the year as they might deem proper, but, if this discretion was so unlimited as to defer payment beyond the year in which the income was earned, the very object and aim of the Surrogate Court in making provisions for the maintenance of the widow could be frustrated and made nugatory by the action of the trustees in withholding from her the income which had been earned by the estate and rightfully belonged to her. In our opinion, the proper construction of the words of the decree made it mandatory upon the trus-

tees, when the income of the estate had been earned, to make payment not later than the last day of the year and in the full amount, if it had been earned.

So far as this suit is concerned, the question is who should have paid the federal income tax on the $35,000 which was not paid to the beneficiary by the trustees during the year and for which they took no deduction during that year, and which deduction is now claimed by the residuary legatee because the estate was entitled to the deduction and the beneficiary liable for the tax. It is obvious, if the estate paid the tax when it was entitled to the deduction, the residuary legatee's interest was impaired to that extent. It is also true, if the plaintiff is entitled to recover for the income tax paid on this sum, that the government will not have collected any income tax on this amount, the time for assessment against the beneficiary having expired.

This brings us to the question as to the ownership of the income as it was earned by the trust estate. If it were trust estate property, distributable in the discretion of the trustees, after the close of the year, then the trust estate is liable for the tax, but if it were the property of the equitable life tenant at the moment it was earned then the liability for the tax was on the equitable life tenant and not on the estate. Such a result would entitle the plaintiff to recover.

In Freuler v. Helvering, 291 U.S. 35, 41, 54 S.Ct. 308, 310, 78 L.Ed. 634, in construing section 219 of the Revenue Act of 1921 (42 Stat. 246) which is similar in all respects to section 219 of the Revenue Act of 1926 (44 Stat. 32), the Supreme Court holds: "Plainly the section contemplates the taxation of the entire net income of the trust. Plainly, also, the fiduciary, in computing net income, is authorized to make whatever appropriate deductions other taxpayers are allowed by law. The net income ascertained by this operation, and that only, is the taxable income. This the fiduciary may be required to accumulate, or, on the other hand, he may be under a duty currently to distribute it. If the latter, then the scheme of the act is to treat the amount so distributable, not as the trust's income, but as the beneficiary's. But as the tax on the entire net income of the trust is to be paid by the fiduciary or the beneficiaries or partly by each, *the beneficiary's share of the income is considered his property from the moment of its receipt by the estate.* This treatment of the beneficiary's income is necessary to prevent the possibility of postponement of the tax to a year subsequent to that in which the income was received by the trustee. If it were not for this provision the trustee might pay on part of the income in one year and the beneficiary on the remainder in a later year. *For the purpose of imposing the tax the act regards ownership, the right of property in the beneficiary, as equivalent to physical possession. The test of taxability to the beneficiary is not receipt of income, but the present right to receive it.* Clearly an overpayment to a beneficiary by mistake of law or fact, would render him liable for the taxable year under consideration, not on the amount paid, but on that payable. [Italics ours.]"

In the case of Blair v. Commissioner, 57 S.Ct. 330, 333, 81 L.Ed. ——, decided by the Supreme Court on February 1, 1937, the court holds that it is the "duty of the trustee to distribute income to the owner of the beneficial interest, whether he was such initially or becomes such by valid assignment. The one who is to receive the income as the owner of the beneficial interest is to pay the tax."

There can be no question that the law of the state, as promulgated by the courts of the state in which the will was probated, governs in the interpretation of the trust. The Surrogate Court of New York interpreted the will and the codicil to mean that the widow was to receive a certain sum, not to exceed $35,000 a year, for her maintenance and support. From the moment the trust estate earned the income, it became the property of the beneficiary and, so far as the imposition of the tax was concerned, the law treated this ownership as equivalent to physical possession. Therefore, the estate having earned more than the $35,000 provided for in the order during the year 1927, this amount was taxable to Blanche M. Sewell and the estate was entitled to the deduction of this amount. In our opinion the trustees failed properly to interpret the words of the order in not paying to Blanche M. Sewell before the expiration of the year 1927, the amount ordered by the court. But this failure on their part did not alter the taxability of Blanche M. Sewell for the amount

or the deductibility of this amount by the estate from its income tax return. From the moment of its receipt by the estate, for taxation purposes, it became the property of Blanche M. Sewell, as the equitable life tenant and was no longer the property of the estate.

The defendant contends that, if this construction is placed upon the act, Blanche M. Sewell not having paid any tax on this amount for the taxable year 1927, and the time for assessment having expired, the government will not have received a tax on this taxable property. This is not the fault of the law; it is the fault of the administration of the law. The mere fact that the administrative officer did not carry out the law does not permit this court to deny a legal right. It is true, as the defendant contends, that this income is only taxed once, but the answer to that is the wrong party has been taxed and the residuary beneficiary who brings this suit has had his interest diminished to that extent.

The case before us differs from the recent case decided by the Supreme Court on May 24, 1937, Stone v. White, 57 S.Ct. 851, 81 L.Ed. ——, for the reason that in the instant case the remainderman has been injured by the failure of the trustees to take a deduction and the beneficiary has been benefited to the extent of the tax paid by the trustees out of the interest of the remainderman. In the Stone Case, supra, the beneficiary was entitled to the whole net income and it made no difference whether the trustee paid the tax or the beneficiary paid the tax. It all came out of the income of the estate of which she was the sole beneficiary. In the instant case, the beneficiary was only entitled to part of the net income and the balance was retained in the estate for the benefit of the remainderman. It is obvious that the payment of the tax by the trustees would impair the fund ultimately to be received by the residuary legatee.

In our opinion, the plaintiff is entitled to recover the tax paid by the estate when it was entitled to the deduction of $35,000 and the Commissioner should have allowed the deduction as made in the claim for refund. The plaintiff also claims a deduction for the commissions paid to the trustees. Although this deduction was included in an amended return, no claim for refund was filed seasonably on account thereof and, therefore, it can not be considered.

The plaintiff is entitled to recover. Entry of judgment in favor of plaintiff will be suspended pending the submission by the parties of computations giving effect to the foregoing opinion. It is so ordered.