OPINION. OppeR, Judge: The impression is conveyed by the present record that it embodies no such controversy as should ever have been used to occupy the time of the parties, of the witnesses, and of the Tax Court. Respondent recognizes that “the deficiencies may be collected only once,” and petitioners insist that there is no “desire on the part of the taxpayer to escape payment of any taxes that may be owing.”[1] Nevertheless the complicated series of communications and payments which we recount in our findings has resulted in an apparently complete stalemate between the parties as to what the procedure of collection on the one hand and payment on the other should be. Accepting the statements of both litigants at their face value, we conclude that the proper solution of the respective liabilities is as follows: Taking the years in inverse order, the deficiency for 1942 has been paid; a deficiency notice properly addressed and presumably timely was sent to the taxpayer and uncontested by petition to the Tax Court, a waiver of restrictions on assessment and collection having been duly filed. Subsequently, unconditional payment of these deficiencies was made in the name of the taxpayer, accepted by the collector, and recorded upon his accounts. We see no impediment to treating these as final payments of the deficiencies in question, thereby eliminating any liability of these petitioners for that item. Sara E. Carpenter, 16 B. T. A. 98. A. H. Peir, 34 B. T. A. 1059, affd. (CCA-9), 96 Fed. (2d) 642, relied on by respondent, is not applicable, the deficiency there having been paid .by another alleged transferee. It is, of course, conceivable that the corporate taxpayer will institute proceedings to recover the 1942 tax, for which a claim for refund was filed after the present hearing, on the ground that it was paid subsequent to the expiration of the statute of limitations. See section 3770 (a) (2), Internal Revenue Code. Such a course could, however, be successful only if the deficiency against the primary taxpayer were incorrectly determined, or if the respondent were mistaken in determining that the statute of limitations was extended to the 5-year period by reason of the 25 per cent gross income provision. Internal Revenue Code, section 275 (c). We may dismiss the former. If the primary taxpayer was not properly subject to the tax, there is no reason why the transferees should bear the burden of it. As to the second possibility, there is nothing in this record to demonstrate that such a result will follow, and it is difficult to believe that any court will hold that since the transferees are succeeding here because of their claim that the deficiency has been paid, the corporation of which they are in essence the beneficiaries can subsequently secure a refund of the very payment on which that claim is predicated, bearing in mind that such a suit would be one of an equitable nature in which the principles of unjust enrichment would necessarily be applied. Stone v. White, 301 U. S. 532. We intimate no opinion, moreover, as to the further possibility, even if all these events should come to pass, of a further legal or equitable action on the part of the respondent to recover again any unpaid tax liability from the transferees. As to 1940 and 1941, however, no deficiency notice has ever been issued to the taxpayer; no adequate waivers of the statute of limitations have been filed; no assessment of the deficiencies has ever been made; and, although remittances in the amounts claimed were received by the collector, they were not and could not be accepted by him as payment, and remained as deposits in a special account for which the evidence shows claims for refund have been filed.[2] As to these 2 years, all the requisites for transferee liability exist. The taxpayer was insolvent at the time of the transfer to petitioners and has been ever since;[3] assets of a value in excess of the deficiencies were received by petitioners, and there is now no contest as to the original tax liability of the principal taxpayer. We conclude that as to these 2 years petitioners are liable as transferees, Phillips v. Commissioner, 283 U. S. 589, 604-5, with the understanding, of course, that upon payment by them the amounts deposited by the original taxpayer will be returned under the claims for refund. See Internal Revenue Code, section 3770 (a) (2), supra. Decisions will he entered under Rule 50. Petitioners sum up their position as follows: * * the taxpayer's officers, the transferees, and their attorney have always shown their complete willingness and desire to pay whatever taxes might be owing. The best evidence of that is that the corporation paid what was considered its true liability • • » after the period for assessment had expired, just because the officers of the corporation, all of them then living, wanted to pay what was owing, without.regard to any statute of limitations. That is still desired.” As petitioners concede in their brief: “Petitioners are in agreement with the statement • * * of the respondent’s brief ‘that the 1040 and 1941 deficiencies are in a different status from 1942 deficiencies’ ” and further, “that the payments on 1940 and 1941 de~ ficiencies might be such that ‘the collecting authority can only hold them in trust’ * * The Corporation’s tax liability in the amount of $25,114.69, not here contested, must be considered in determining its solvency, Scott v. Commissioner (CCA-8), 117 Fed. (2d) 36, as well as interest continuing to run. At date of transfer on December 31, 1942, taxpayer was left with no assets. When respondent proceeded against petitioner transferees in 1947 taxpayer had $10,500 in a bank account but it was indebted to the Partnership in like amount. It had a credit with the collector of $6,633.29 which was held and later applied against its tax deficiencies.