Agape KOJES, Executrix of the Estate of Arthur Kojes, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 63–C–286.

United States District Court
E. D. New York.
May 21, 1964.

**114**

Alexander D. Sioris, by Henry E. Coleman, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., by M. J. Walsh, Asst. U. S. Atty., by Moshe Schuldinger, Tax Division, Dept. of Justice, for defendant.

MISHLER, District Judge.

Defendant moves to dismiss the complaint pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter.

The claim stated in the complaint alleges that the decedent died in August, 1956. Estate taxes in the sum of $2,-761.40 were paid on February 19, 1959, and an additional sum of $1,349.20 on or about August 17, 1960. Thereafter, Internal Revenue Service made an assessment against the estate for income taxes due from decedent for the years 1949 through 1956 in the sum of $27,330.11, which sum included interest and penalties. The estate paid the assessment on December 15, 1961. This payment reduced the net taxable estate by $27,-330.11. The estate tax actually due was $295.00 and plaintiff is entitled to the difference between the amount paid and the amount actually due, i. e., $4,081.00. Plaintiff filed a claim for refund on October 9, 1962.[1]

Defendant's position is that this Court does not have jurisdiction over the subject matter since the claim for refund was not duly filed. Section 7422(a) of the Internal Revenue Code of 1954 [26 U.S.C. § 7422(a)].[2] Defendant shows the claim for refund was for estate taxes, and the time for filing such claim under Section 6511 of the Internal Revenue Code of 1954 [26 U.S.C. § 6511] [3] had expired.

1. Defendant's record shows the claim was filed Oct. 4, 1962.

2. § 7422. Civil actions for refund
"(a) *No suit prior to filing claim for refund.*—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

3. § 6511. [as amended by Sec. 82(a) of the Technical Amendment Act of 1958, P.L. 85-866, 72 Stat. 1606]
"Limitations on credit or refund.
"(a) *Period of limitation on filing claim.*—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax

■ It appears from the affidavits that after decedent's death, and on or about September 19, 1956, the sum of $32,922.00 in cash was located in a safe in the kitchen of a restaurant owned by decedent and another. The papers do not reveal whether decedent's one-half share was included in the estate tax return nor is the Court advised as to whether decedent's share of the cache accounted for the additional income tax assessment. The Court feels an allegation of these facts is vital to the sufficiency of plaintiff's claim.

The concept of recoupment to redress the injustice resulting from the retention of taxes obtained by the Government, where an item was taxed twice on two different theories, was pronounced in Bull v. United States, 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421. There a distribution received by the estate from a partnership was first taxed as part of the taxable estate and subsequently taxed as income. It is significant to note that the action was brought in the alternative, i. e., for income taxes overpaid or estate taxes overpaid. The Court pointed out that in an action by the Government for taxes,

> " * * * any counter demand for recoupment of the overpayment of estate tax could have been asserted by way of defense and credit obtained, notwithstanding the statute of limitations had barred an independent suit against the government therefor. This is because recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely." Id. at 262, 55 S.Ct. at 700–701.

■ The Court did not expressly reject the right of recovery on the theory of overpayment of estate taxes. It ob-

served, "The pleading was sufficient to put in issue the right to recoupment." Id. at 263, 55 S.Ct. at 701. The language however clearly confines recoupment to be "defense and credit" against the claim of income taxes. The claim for refund springs from the overpayment of the income taxes paid and not from the payment of estate taxes. The time for filing such claim is then computed from the date of filing the income tax return and the payment of income taxes.

The doctrine of Bull v. United States, supra, was expanded in Stone v. White, 1937, 301 U.S. 532, 57 S.Ct. 851, 81 L. Ed. 1265, where the Court held recoupment available to trustees to recover income taxes paid by the beneficiary where the Court found the income was taxable to the beneficiary, but taxes had been paid by the trustees. The Court held it was a single event since it was a tax for the same income for the same period. The Court had regard for " * * * the fact that so far as the equitable rights of the parties are concerned petitioners, in seeking recovery of the tax, are acting for the account of the beneficiary * * *." Id. at 535, 57 S.Ct. at 853.

Limitations on the application of the doctrine were set in Rothensies v. Electric Storage Battery Co., 1946, 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296. Defendant claimed a refund for excise taxes illegally paid for the years 1922 to 1926. Defendant obtained judgment against the Government for excise taxes paid during that period. The Government made payment of the refund for those years in 1935. The Government then taxed the refund as income received in 1935. Defendant then contended that under Bull v. United States, supra, it was entitled to recoupment of illegally assessed taxes paid for the years 1919 to 1922. The Court said:

> "It has never been thought to allow one transaction to be offset

---

imposed by this title which is required to be paid by means of a stamp shall

be filed by the taxpayer within three years from the time the tax was paid.

against another, but only to permit a transaction which is made subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole." Id. at 299, 67 S.Ct. at 272.

Discussing the application of the principle enunciated in Bull v. United States, supra, the Court said:

"In Bull v. United States, the one taxable event was receipt by executors of a sum of money. An effort was made to tax it twice— once under the Income Tax Act as income to the estate after decedent's death and once under the Estate Tax Act as part of decedent's gross estate. This Court held that the amount of the tax collected on a wrong theory should be allowed in recoupment against an assessment under the correct theory." Id. at 300, 67 S.Ct. at 272.

Plaintiff's claim is based on the extent of the overpayment of income taxes on December 15, 1961. The amount of assessment should have been reduced by crediting plaintiff with the overpayment of the estate taxes, if the taxable estate originally included the item which was the subject of the income taxes imposed. See Herring v. United States, 1956, E.D. N.C., 140 F.Supp. 930, aff'd 4 Cir., 240 F.2d 225; cf. Reeves v. United States, 1957, W.D.Pa., 154 F.Supp. 673

The Court does not pass on the adequacy of the claim filed to support an action on the theory indicated or whether the time to file a new claim for overpayment of income taxes has expired.

█ The Court feels the complaint is insufficient as a matter of law. Plaintiff should be given an opportunity to replead. The Court will therefore consider the motion as directed to the sufficiency of the claim under Rule 12(b) (6), and as thus considered, the motion is granted with leave to plaintiff to serve and file an amended complaint within 20 days

from the entry of an order herein. 2 Moore, Federal Practice 2266 (2d ed. 1962).

Settle order on two (2) days notice.