Dean P. EPPERSON, S. C., a Wisconsin Corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. Civ. A. 77–C–152.

United States District Court, E. D. Wisconsin.

Aug. 15, 1979.

Bruce C. O'Neill, Milwaukee, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty., by John A. Nelson, Asst. U. S. Atty., Milwaukee, Wis., and Thomas R. Jones, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Before the court are cross motions for summary judgment in this action for refund of income taxes paid for the fiscal years 1963, 1964, and 1965. Defendant's motion for summary judgment will be granted.

Taxpayer Dean P. Epperson, S. C. is a Wisconsin corporation located in Oconomowoc, Wisconsin. During 1963, 1964, and 1965, the taxpayer filed corporate income tax returns on a fiscal year basis and paid the income tax shown to be due. During these years, Dean P. Epperson, M.D. was the president and chief officer of the corporation. The income consisted of fees from Dr. Epperson's medical practice.

The Internal Revenue Service audited the taxpayer corporation's returns and on March 25, 1968, asserted that the corporate income reported was actually taxable to Dr. Epperson, a sole proprietorship. Dr. Epperson then paid the tax assessed against him in the amount of $95,350.83 and filed a suit for refund. In the suit for refund two questions were submitted which the jury answered as follows:

"[1]  Was the income reported by Dean P. Epperson, S.C. from July, 1962 through December 31, 1965 earned by Dean P. Epperson, S.C.?

Answer  Yes  _____
          No   __x__

"[2]  Were certain funds paid by Dean P. Epperson, S.C. to or on behalf of plaintiff from 1962 through 1965 loans to him?

Answer  Yes  _____
          No   __x__ "

(Memorandum for the defendant in support of its motion for summary judgment and in opposition to plaintiff's motion for summary judgment, filed May 30, 1978.)

Dr. Epperson appealed and the Court of Appeals affirmed. *Epperson v. United States,* 490 F.2d 98 (7th Cir. 1973).

In September 1972, after the verdict was returned, the taxpayer corporation filed claims for refund for 1963, 1964, and 1965. The claims were disallowed. The taxpayer corporation then filed this suit for refund of taxes for 1963, 1964, and 1965.

By the time the suit was filed the statute of limitations had run on any claim for refund that the corporation could make. Thus, the issue remaining for decision is whether the doctrine of equitable recoupment is applicable in this situation to allow the corporation to recover its payments.

■ The doctrine of equitable recoupment arises from two Supreme Court cases: *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), and *Stone v. White,* 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937). It provides that where a single taxable event has been taxed twice on two inconsistent legal theories, what was mistakenly paid may be offset against what was correctly due. Since it is an equitable theory, the statute of limitations is no bar.

■ However, certain conditions must be met for equitable recoupment to lie. A single transaction must have been taxed twice on two inconsistent legal theories. *Rothensies v. Electric Storage Battery Co.,*

329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946). In the case before this Court, the verdict was that Dr. Epperson, not the corporation, was the true earner of the income and that advances to Dr. Epperson from the corporation were not loans to him, but dividends. These are not inconsistent legal theories.

■ It is also fundamental to the doctrine that the main action in which equitable recoupment is sought must be timely. *Bull v. United States,* supra. Plaintiff's claim should have been raised, if at all, in the earlier action.

Finally, equitable recoupment must be presented as a defense. *Bull v. United States,* supra. However, here the corporation attempts to use the theory in its role as plaintiff. In certain circumstances courts have avoided this requirement. See *Hufbauer v. United States,* 297 F.Supp. 247 (S.D.Cal.1968). But this Court is not convinced that the equities require such an extension of the theory in this case.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted.