# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2924

_____

Eleanor Coohey; Dubuque Bank &    *
Trust Company, Co-Executors of    *
Donald Coohey's Estate,    *
   *
   Appellants,    *
   *   Appeal from the United States
   v.    *   District Court for the Northern
   *   District of Iowa.
United States of America,    *
   *
   Appellee.    *

_____

Submitted:  February 8, 1999

Filed:  April 12, 1999

_____

Before MCMILLIAN, LAY, and MURPHY, Circuit Judges.

_____

LAY, Circuit Judge.

This appeal arises out of a tax refund suit commenced by Donald and Eleanor Coohey ("Taxpayers").[1]  The Internal Revenue Service ("IRS") assessed Taxpayers

_____

[1]Donald Coohey died prior to oral argument on appeal.  This court allowed substitution of the Dubuque Bank & Trust Company and Eleanor Coohey, as Co-Executors of Donald Coohey's Estate.

for certain deficiencies arising from the sale of livestock under deferred payment contracts in the year of contract initiation rather than in the year of actual sale. The IRS determined that Taxpayers should have included the fair market value of the deferred obligation in their 1990 and 1991 taxable incomes rather than in the year the payments were received for purposes of comparing their Alternative Minimum Tax ("AMT") liability under § 56(a)(6) of the Internal Revenue Code ("I.R.C."). On April 19, 1994, Taxpayers paid in full the assessed 1990 AMT liability and interest in the sum of $193,292.27.[2] The suit for refund followed.

The district court[3] granted summary judgment in favor of the IRS. The court found that the IRS had properly applied the I.R.C. provisions (§§ 56(a)(6) and 453(b)(1)) to the deferred contracts. Taxpayers then filed an appeal. While the case was pending decision on appeal, Congress enacted the Taxpayer Relief Act of 1997[4] ("Act") which repealed § 56(a)(6) of the I.R.C. and made the repeal retroactive. *See* § 403(a) of the Act. On motion of the IRS, this court vacated and remanded this case to the district court for further proceedings in light of the statutory change.

On remand, the parties filed cross-motions for summary judgment. The district court then held that Taxpayers were entitled to a full refund for the previously assessed and paid 1990 AMT in the amount of $193,292.27. The IRS conceded the amount of the refund due Taxpayers. However, the district court also held the IRS should be permitted to reopen the 1991 tax year under the doctrine of equitable recoupment in order to recover the amount of credit applied in the 1991 tax year

---

[2]This is an aggregate amount of $151,791 of principle and $41,501.27 of interest, as stipulated by the parties.

[3]The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

[4]Pub. L. No. 105-34, 111 Stat. 788 (1997).

resulting from the change in the Taxpayers' 1990 tax status.[5]  Taxpayers have now, once again, appealed.  We affirm.

Section 6514(b)

On appeal, Taxpayers raise several arguments.  First, they assert that I.R.C. § 6514(b) essentially prohibits application of the defense of the doctrine of equitable recoupment.  Assuming that Taxpayers made this argument before the district court (the district court did not address this issue), we feel that Taxpayers misconstrue the applicability of § 6514(b).

Section 6514(b) states that, "[a]ny credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 6401(a)."[6]  I.R.C. § 6514(b) (1986).  The application and subsequent limitations suggested by § 6514(b) could be applicable and relevant outside the scope or use of the doctrine of equitable recoupment.  However, equitable recoupment, by its very nature, applies only when the statute of limitations has expired for assessment or collection of the tax liability at issue.  Its application is a means of avoiding an unjust result caused by the enforcement of the statute of limitations.  The specific statute of limitations to which equitable recoupment is an exception cannot then act as a bar to the doctrine's application.  As a result, Taxpayers attempted reliance upon I.R.C. § 6514(b) is misplaced and not applicable to the current factual situation because reliance on the statute of limitations

---

[5]A tax credit of $89,589.00 had been permitted for the 1991 tax year.  Accrued interest was then computed to be $12,091.39 which creates the total amount due the IRS to be $101,680.39.

[6]Section 6401(a) designates any tax payment made after the period of limitations for assessment has expired to be considered an overpayment.

can be properly circumvented through implementation of the doctrine of equitable recoupment.

Mitigation Provisions (§§ 1311-14)

Second, Taxpayers assert that the doctrine of equitable recoupment has now been superseded by the mitigation provisions of the I.R.C. under §§ 1311-14.[7] Taxpayers rely upon the language of *United States v. Dalm*, 494 U.S. 596, 610 (1990), which states: "were we to allow her to maintain a suit for refund on the basis of equitable recoupment, we would be doing little more than overriding Congress' judgment as to when equity requires that there be an exception to the limitations bar." We agree with the IRS that Taxpayers misread the *Dalm* case.

In *Dalm*, the taxpayer brought an untimely refund suit for recovery of gift taxes which she had previously paid several years earlier. The taxpayer relied on the doctrine of equitable recoupment as the basis to allow her jurisdiction. The Supreme Court held that equitable recoupment permits the *timely* litigation of a tax claim to

---

[7]These provisions override and displace judicially-created doctrines in cases where the statutory provisions apply. However, those judicially-created doctrines continue to apply in cases not covered by the statutory provisions. When Congress established the detailed mitigation provisions, it intended that they supersede common law recoupment remedies with respect to the categories named within the provisions, and that within those defined areas the statutory remedy is exclusive. *See* CASEY FED TAX PRAC § 11.16 (1994). The specific mitigation provisions permitting exclusive application include: (1) double inclusion of an item of gross income (§ 1312(1)); (2) double allowance of a deduction or credit. (§ 1312(2)); (3) double exclusion of an item of gross income (§ 1312(3)); (4) double allowance of a deduction or credit (§ 1312(4)); (5) correlative deductions and inclusions for trusts or estates and legatees, beneficiaries, or heirs (§ 1312(5)); (6) correlative deduction and credits for certain related corporations (§ 1312(6)); and (7) basis of property after erroneous treatment of a prior transaction (§ 1312(7)). I.R.C. §§ 1312(1)-1312(7) (1986).

"seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to *the same transaction*." *Dalm*, 494 U.S. at 608 (emphasis added). The Court established that equitable recoupment could not provide the *sole* basis for jurisdiction over a refund suit. *Dalm*, 494 U.S. at 611.

Rather than emphasizing the limitation of equitable recoupment, *Dalm*'s true focus related to the question of jurisdiction. The Supreme Court denied jurisdiction for the Court to entertain an independent lawsuit for a refund of gift taxes prohibited by the statute of limitations under the doctrine of equitable recoupment. In that case, the government asserted an income tax deficiency on a theory which was inconsistent with the theory on which Dalm relied when paying the gift tax. Dalm had previously litigated the income tax deficiency but failed to raise a claim of equitable recoupment in order to obtain a credit for the gift tax. Thereafter, she sought in a separate action to obtain a refund of the gift tax under the doctrine of equitable recoupment.

The Supreme Court stated that it had no jurisdiction to act upon her suit where there was no statutory authorization to bring the suit by reason of the statute of limitations. The Court simply held that a taxpayer had to file a claim for a refund within three years from the time the return was filed or two years from the time the tax was paid, whichever period expired later. The Court held that under I.R.C. §§ 6511(a) and 7422(a), the district court was barred from passing on Dalm's suit for refund of the tax. The Court makes clear in *Dalm* that equitable recoupment encompasses a single transaction subjected to inconsistent taxation and that "*the reason the statute of limitations is not a bar in those cases is that the court has uncontested jurisdiction to adjudicate one of the taxes in question.*" *Dalm*, 494 U.S. at 611 (emphasis added). The Court's holding "does not leave taxpayers in Dalm's position powerless to invoke the doctrine of equitable recoupment. . . . [as] a court which has jurisdiction over a timely suit for refund may consider an equitable recoupment claim for an earlier tax paid under an inconsistent theory on the same transaction." *Dalm*, 494 U.S. at 610.

The mitigation provisions provide for an exception to the statute of limitations in certain cases, and allow suits for refund that would otherwise be barred. The *Dalm* Court was concerned that allowing the application of equitable recoupment as the only basis of jurisdiction for an untimely refund suit would override Congress' intent in enacting the mitigation provisions. There is no language in *Dalm* which directly or impliedly states that the use of equitable recoupment has been entirely superseded by the mitigation provisions. Further, there has not been a rejection of all uses of the doctrine of equitable recoupment, but rather only an attempt to use it as a sole basis for jurisdiction.

Under these circumstances, the Court makes clear that it has "equitable power" to review the entire transaction. Under the circumstances spelled out by the Supreme Court, we cannot subscribe to the theory that *Dalm* holds that the mitigation provisions supersede the doctrine of equitable recoupment.

Single Transaction

Next, Taxpayers urge that the district court erred in applying the doctrine of equitable recoupment because there is not a single transaction involving the taxes relating to the 1990 and 1991 returns.[8] Under the doctrine of equitable recoupment the offsetting amount from the year barred by the statute of limitations (in this case 1991) must be considered *the same transaction* if it arose from the refund due

---

[8]Taxpayers also urge that the United States failed to plead the doctrine of equitable recoupment as an affirmative defense as required by FED. R. CIV. P. 8(c). However, this court has held that an affirmative defense can even be raised on appeal where the evidence supports that defense. *See Overholt Crop Ins. Service Co. v. Travis*, 941 F.2d 1361, 1368 (8th Cir. 1988); *see also Mason v. Hunter*; 534 F.2d 822, 825 (8th Cir. 1976); CHARLES ALLEN WRIGHT AND ARTHUR R. MILLER, 5 FEDERAL PRACTICE AND PROCEDURE § 1278 at 491-502 (2d ed. 1990). We find that in this case the taxpayers had ample opportunity to respond to this defense and they have suffered no prejudice. *See Parker v. United States*, 110 F.3d 678, 682 (9th Cir. 1997).

Taxpayers in the year 1990. *See Estate of Vitt*, 706 F.2d 871, 874-75 (8th Cir. 1983); 10 J. MERTENS, THE LAW OF FEDERAL INCOME TAXATION, § 60.05 at 16 (1976 rev. ed.). The doctrine finds its roots in the equitable concerns of unjust enrichment.

Another necessary element of the doctrine of equitable recoupment is that the amount in question must be subject to an argument of inconsistent theories. *See Parker v. United States*, 110 F.3d 678, 683 (9th Cir. 1997). Taxpayers argue that not only are the 1990 and 1991 taxes separate transactions, but they have never taken an inconsistent position with regard to the tax liability. We reject both of their claims. The relationship of the 1990 AMT refund and the 1991 AMT credit are clearly a single transaction. The 1990 AMT which was assessed and paid by the taxpayers had a direct relationship to the allowance of the 1991 AMT credit.[9] Without the assessment of the original amount in 1990 there would never have been a credit given to the taxpayer for 1991. *See Estate of Vitt*, 706 F.2d 871 (8th Cir. 1983). In light of the refund of the 1990 deficiency, based upon repeal of the statute, there can be little question that the refund of the deficiency payment for the year 1990 has a direct impact upon the 1991 credit. Obviously, if the Taxpayers receive both the benefit of the refund and still retain the benefit of their 1991 credit, an unjust situation is created. Taxpayers would avoid the assessment of a large amount of tax owed to the IRS.

Inconsistent Theories

---

[9]As a result of Taxpayers' $193,292.27 tax payment for the 1990 tax year, $89,589 tax credit was applied to their 1991 taxes, which subsequently reduced their tax liability by a corresponding amount. That $89,589 credit reduced their prior tax liability of $186,150 to $55,708. The reduced 1991 tax liability resulted in an overpayment by Taxpayer which required a $72,550 refund to be returned to them in 1994.

Taxpayers assert that the application of equitable recoupment is inappropriate because they have never relied upon inconsistent positions. In *Bull v. United States*, 295 U.S. 247 (1935), the Supreme Court recognized that for the doctrine of equitable recoupment to apply the party against whom that defense was being asserted must have adopted inconsistent positions to the detriment of the opponent. *See also Stone v. White*, 301 U.S. 532 (1937). Taxpayers argue that they never asserted inconsistent positions. We believe the historical facts establish the contrary. Taxpayers received an AMT credit for 1991 that was based on their AMT liability for 1990. Taxpayers then sought a refund of the 1990 amount and have since asserted that they owe no subsequent liability for the 1991 AMT credit. These positions are inherently inconsistent and inconsistent treatment would occur if Taxpayers were allowed to retain the 1991 AMT credit, which was permitted as the result of the incorrect assessment of the 1990 AMT, because of the subsequent redetermination and refund of the 1990 AMT. Allowing the correction of the 1990 AMT without correction of the 1991 AMT credit would assign tax liability inconsistently. Should the AMT credit for the 1991 tax year be allowed to stand, Taxpayers would receive an unearned tax credit for funds which they have no longer paid to the IRS for the 1990 AMT. This amount would be an unearned and unjustified windfall for the taxpayers.

Damages

Finally, Taxpayers contend that the actions of the IRS have violated I.R.C. § 7433 and they are entitled to the assessment of damages. Section 7433 permits damages in cases where "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States." I.R.C. § 7433(a) (West Supp. 1998).

It is clear from the record before this court that the amount to be recouped is related to the allowance of a tax credit for the amount paid the previous year.  In light of this court's reversal of the basis for the assessment and direction to return the AMT to the Taxpayer, the assessment of the previously granted AMT credit does not fall within the purview of § 7433.

For the foregoing reasons, the judgment of the district court is affirmed; the cause is remanded for the parties to stipulate as to the correct mathematical computation to be entered as the judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.