S. R. DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6755. Promulgated December 21, 1927.

*P. M. Beach, Esq.*, for the petitioner.
*J. B. Harlacher, Esq.*, for the respondent.

OPINION.

LITTLETON: Section 212 of the Revenue Act of 1921 provides:

(a) That in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214.

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; * * *

Section 214 (a) of the Revenue Act of 1921 permits the deduction from gross income of individuals of all—

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

Subdivision (6) of the same section provides:

* * * Losses allowed under paragraphs (4), (5), and (6) of this subdivision shall be deducted as of the taxable year in which sustained unless, in order to clearly reflect the income, the loss should, in the opinion of the Commissioner, be accounted for as of a different period. * * *

The same section also provides for the deduction from gross income of—

(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

Petitioner claims that inasmuch as he guaranteed the notes of the corporation and later gave his personal notes to the creditor of the

corporation, he was entitled to a deduction of $42,996.74 as a worthless debt. The position of the Commissioner is that inasmuch as the petitioner kept his books of account and made his income-tax returns on the basis of actual receipts and disbursements, he is not entitled to deduct from gross income of 1921 the amount of the notes given by him as a result of the bankruptcy of the Motor Manufacturing Co. until he shall have paid them in cash.

In *C. A. Collin*, 1 B. T. A. 305, the Board held that a taxpayer, keeping his books of account on a cash receipts and disbursements basis, was not entitled to deduct a gain as a bad debt charged off unless the amount had previously been reported as income. In other words, the holding of the Board in that proceeding was that the income and outgo of cash were the determining factors of a return made upon the cash receipts and disbursements basis; that a taxpayer is not required to include in income, when the return is made on such basis, cash that is not received, and likewise is not entitled to take deductions when cash is not paid unless the statute clearly allows such deduction.

In *John Hoskins*, 7 B. T. A. 299, it appeared that the petitioner reported his income on the cash receipts and disbursements basis and issued notes to his children for services rendered. The Board in that proceeding said:

The notes constituted evidences of promises to pay certain amounts in December, 1926. The giving of the said notes did not constitute disbursements during the year 1921, and upon the cash basis of accounting and making of the income-tax return the amounts of the notes are not deductible as an expense paid during 1921. Cf. *Warner L. Colvert*, 6 B. T. A. 623.

When petitioner gave his personal notes to the banks they delivered the notes of the corporation to him. He filed these notes with the trustees in bankruptcy as a claim against the Multitone Manufacturing Co., but was allowed only $703.21. We are of the opinion that petitioner is not entitled to deduct from gross income any amount on account of the notes given to the banks until he shall have paid them.

The Commissioner allowed a deduction of $389.04 and $166.66, representing payments by petitioner on the notes given by him. These amounts were proper deductions since they were paid within the taxable year; however, as to the remaining amount of the notes, petitioner was in no different situation than if he had incurred a liability in his trade or business deductible from gross income when paid, and had given his promissory notes therefor. In such case the amount of the notes would not be deductible as expense on the cash basis. *J. W. Solof*, 1 B. T. A. 776. The Board is of the opinion that the petitioner was not entitled to a deduction of the amount

represented by the unpaid portion of his notes either as a worthless debt of the bankrupt corporation or as a loss. While he was certain that he would be compelled to pay the notes he had not yet lost anything. He had made no investment that had become valueless. He had paid out nothing that could not be recovered.

Petitioner calls attention to subdivision (6), section 214 (a) of the Revenue Act of 1921, which permits the deduction of a loss in the year in which sustained " unless, in order to clearly reflect the income, the loss should, in the opinion of the Commissioner, be accounted for as of a different period " and insists that this provision establishes an intent upon the part of Congress to permit the deduction of losses in the year in which the losses logically fall regardless of the method of accounting employed.

The evidence does not show that the income of 1921 is more clearly reflected by the allowance of the loss in that year than in the year in which the notes were actually paid. The Commissioner has not so found and has contended that the loss should not be allowed in that year. The evidence is insufficient to support the contention of the petitioner that the loss should more properly be allocated to 1921.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

SMITH, PHILLIPS, and MILLIKEN dissent.