*157 OPINION.
Trttsstct.t, :
The only issue raised in this proceeding is whether petitioner is entitled to a deduction as a loss in 1919 of the amount of $24,153.12 which he was called upon by the bank to pay as guarantor of certain loans made by the bank through the efforts of petitioner.
The definition of the noun “ loss ” as given in Webster’s Dictionary is, “Act or fact of suffering deprivation; failure to keep a posses *158 sion; esp., the unintentional parting with something of value; * * See also the cases of Hawaiian Commercial & Sugar Co., Ltd. v. Tax Assessor, 14 Hawaii, 601, and Queenan v. Palmer, 117 Ill. 619; 7 N. E. 613, as to the accepted meaning of the word loss. The giving of a note does not constitute a disbursement or deprivation of cash, nor does it necessarily constitute the disbursement of the equivalent thereof. In giving his note to the bank, petitioner gave evidence of his indebtedness in the amount of $19,253.54 incurred as a guarantor, but being on the cash receipts and disbursements basis he did not sustain an actual and deductible loss, i. e., a deprivation of his property, until he paid the note subsequent to 1919. S. R. Davis, 9 B. T. A. 755.
We are of the opinion that petitioner is not entitled to a deduction of the amount of the unpaid note as a loss sustained during the taxable year 1919, and, further, that respondent properly allowed a deduction of the amount of $4,899.58, which represented a loss sustained and paid in cash during 1919.
The decision in this case 7 B. T. A. 557 is modified accordingly.
Reviewed by the Board.

The deficiencies are in the amounts of $2,785.82 and $983.80 for the calendar years 1919 and 1921, respectively, and judgment will he entered accordingly.