SAN JACINTO LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75348.    Promulgated March 24, 1936.

*Walter E. Barton, Esq.*, for the petitioner.
*Willis R. Lansford, Esq.*, and *Edward M. Woolf, Esq.*, for the respondent.

OPINION.

SEAWELL: The contention of the respondent is that the note was executed by the San Jacinto Building, Inc., and accepted by the petitioner in payment of the semiannual interest due November 1, 1931, a

view the petitioner seems to have had when it filed its return for the taxable year. Irrespective of its conclusions at that time and the manner in which it reported the transaction in its income tax return, the petitioner now argues that the note merely operated to extend the time of payment of the interest.

The note and collateral agreement contain inconsistent provisions. Each refers to an agreement to extend the time of payment of the overdue interest and provides that the note "represents" the unpaid interest. The semiannual interest had been due since November 1, 1931, and the petitioner's right to receive it could have been asserted at any time thereafter. The note given did not operate to extend the time of payment of the interest, for the holder could have demanded payment immediately. An extension of the maturity date of an obligation contemplates a future due date or one capable of being ascertained. The execution and delivery of a note, as here, to represent an obligation to pay under an agreement previously entered into, implies the substitution of a new promise for an old one. Nothing of record establishes any intent to discharge the debt by the note. The real purpose of the instruments was to have the obligation of the debtor expressed in such form as to enable the petitioner to use it in its annual report to the state insurance commissioner. At all times after November 1, 1931, the petitioner could have assigned or asserted its claim for interest. The note gave the petitioner no additional rights to payment. It was nothing more than additional evidence of its claim to the overdue interest.

In *Great Southern Life Insurance Co.*, 33 B. T. A. 512, the petitioner surrendered a note, the security therefor, consisting of stock of the maker of the note, and a claim for overdue interest and attorney fees incurred, in exchange for certificates of indebtedness of the receiver for the debtor. It was held that the transaction constituted merely a renewal of the note and interest thereon and that the taxpayer, being, as here, on the cash basis of accounting, would derive no income in the way of interest until the certificates of indebtedness were paid or otherwise disposed of.

In *Blair* v. *First Trust & Savings Bank*, 39 Fed. (2d) 462, the taxpayer, in connection with mortgage loans on real estate, deducted its commissions from the loans and paid the net amounts to the borrower. In holding that the commissions were not subject to tax at the time the loans were made, the court said:

It is plain that until the loan is paid or rediscounted the respondent has earned no profit, but has simply parted with its funds on the faith of the security. The commission is not actually received until respondent gets back what it has previously paid out plus the commission. The deduction of the commission from the face of the loan brings nothing into the coffers of the bank.

A like ruling was made in *Helvering* v. *Martin-Stubblefield, Inc.*, 71 Fed. (2d) 944.

The cases cited control the answer here. Accordingly, the respondent is re·7ersed.

*Decision will be entered under Rule 50.*