## SCHLEMMER v. UNITED STATES.
### No. 118.

Circuit Court of Appeals, Second Circuit.
Jan. 10, 1938.

Hugh Satterlee and Satterlee & Green, all of New York City (William R. Green, Jr., and Jerome R. Hellerstein, both of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (William F. Young, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

The judgment on appeal dismissed a petition under the Tucker Act, 24 Stat. 505, to recover part of the plaintiff's income

tax, paid for the year 1927. He was presi-dent of a company engaged in the contracting business, one, Richardson, was vice-president, and the two with their wives owned all the shares. In the spring of 1927 as directors they had voted themselves each a salary of $30,000, which the company was not in a position to pay at the end of that year. At some time which is in dispute they signed and delivered two notes for $30,000, payable to each respectively, dated December 31, 1927; and we will assume that this was the date of execution. These were never paid; during the year 1929, $3,000 was paid on the plaintiff's, but that was all. Both the plaintiff and the company returned their taxes on a cash basis; yet the company deducted both notes from its income, and the plaintiff charged himself with his, and paid the tax so computed. Later he filed a claim for refund; based, first, upon the assertion that he had not received the note during 1937; and second, upon the point of law that even though he had, it was not part of his income for that year. The claim was refused, and the judge found for the defendant on both points.

▇ The plaintiff's note did not pay the company's debt, unless the parties agreed that it should. Peter v. Beverly, 10 Pet. 532, 568, 9 L.Ed. 522; Lyman v. Bank of United States, 12 How. 225, 243, 13 L.Ed. 965; The Emily Souder, 17 Wall. 666, 670, 21 L.Ed. 683; Segrist v. Crabtree, 131 U.S. 287, 9 S. Ct. 687, 33 L.Ed. 125. The defendant asserts that they had so agreed because of the tax returns; but that is not so. Those did indeed presuppose that the note was a proper entry in a cash return, but that does not show that the parties had agreed that it should be payment; they may have supposed that a note so taken always pays the debt; or that it must be treated as cash whether it was payment or not. They were laymen, and we can tell nothing about what facts they took for true in reaching the conclusion that the note was cash. The only actual testimony was that the note was not taken as payment, but only as more permanent evidence of the debt. Indeed, it is not at all clear that it would have been a cash item, even if it had in fact been taken as payment. It did not change the substance of the debt—not being endorsed or secured —and although it was more readily dis-posable, that single incident was scarcely enough. There must be more than difference in the mere form of property to justify a charge of income. Weiss v. Stearn, 265 U.S. 242, 44 S.Ct. 490, 68 L.Ed. 1001, 33 A.L.R. 520. But we need not stand on that; in any case since it was not taken as payment, it could not be treated as cash; the old debt remained, the note was no more than added security. Sass v. Commissioner, 12 B.T.A. 156 (semble); Merren v. Commissioner, 18 B.T.A. 156; Humphrey v. Commissioner, 32 B.T.A. 280.

▇ Finally, the defendant suggests that the plaintiff is not entitled to the refund under the doctrine of Stone v. White, 301 U.S. 532, 534, 57 S.Ct. 851, 852, 81 L.Ed. 1265, because the tax was equitably due either from the plaintiff, or the company in favor of which the statute of limitations has run. In Stone v. White the statute had run in favor of the beneficiary of a trust, whose trustee sought to recover what he had paid. The trustee was unsuccessful because the tax was due from the beneficiary in one form or another, and it was unfair to allow the trustee to recoup himself for the beneficiary's account. Here, however, we cannot say on whom the tax due from the company would have fallen, if the notes had not been deducted. The plaintiff and Richardson would indeed have paid some part of it— they were both shareholders and creditors —but there were others interested in the company as well; their wives were shareholders, and the company was insolvent anyway; it had only $38,000 in cash and very little other property, and we do not know what were its other debts. Of course it might be possible to figure out just how much the plaintiff will gain by this refund, were all the facts before us; which they are not. But, if they were, we do not read Stone v. White, supra, 301 U.S. 532, 534, 57 S.Ct. 851, 852, 81 L.Ed. 1265, as meaning that in such a case the creditor must submit to a set-off, so computed. The trustee was there for practical purposes the beneficiary in other clothes; we do not believe that the eventual incidence of the tax which has been lost, may be traced back, however indirectly, to the taxpayer in court so that his recovery shall be diminished pro tanto.

Judgment reversed; judgment to be entered for the plaintiff.