JAY A. WILLIAMS AND ELLEN G. WILLIAMS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61283. Filed August 20, 1957.

*Wilber Henderson, Esq.*, for the petitioners.
*Leslie T. Jones, Jr., Esq.*, for respondent.

WITHEY, *Judge:* The respondent determined a deficiency in petitioners' income tax for 1951 and additions to tax for that year under sections 291 (a) and 294 (d) (1) (A) and (d) (2) of the Internal Revenue Code of 1939 as follows:

| | Additions to tax | | |
| Deficiency | Sec. 291 (a) | Sec. 294(d)(1)(A) | Sec. 294(d)(2) |
|---|---|---|---|
| $1,443.10 | $360. 78 | $169. 44 | $101. 67 |

The sole issue presented for our decision is the correctness of the respondent's action in determining that a promissory note received by petitioner Jay A. Williams during 1951 constituted income taxable to petitioners in that year.

### FINDINGS OF FACT.

Some of the facts have been stipulated and are found accordingly.

Petitioners, husband and wife, residing in Portland, Oregon, filed their joint income tax return for 1951 with the director of internal revenue for the district of Oregon. Inasmuch as the activities of Jay A. Williams are those with which we are here primarily concerned, "petitioner" or "Williams" as hereinafter used has reference to him.

The petitioner kept his accounts and prepared his returns on a cash basis.

During 1951, and prior thereto, petitioner was engaged in the business of locating marketable parcels of timberland for prospective purchasers of timber. Williams compiled information concerning certain stands of timber for Lester McConkey and J. M. Housley. Petitioner received nothing from McConkey and Housley at the time he turned over to them the desired information. Subsequently, on May 5, 1951, J. M. Housley issued to Williams an unsecured, non-interest-bearing promissory note in the amount of $7,166.60, payable 240 days thereafter.

At the time of issuance of the foregoing note, the maker was unable to pay anything on it because of his lack of funds. Further, it

was understood by petitioner that Housley would be unable to make any payments on the note until he had first acquired and sold at least part of the available timber property which Williams had located.

Upon receipt of the note in 1951, petitioner attempted on 10 or 15 occasions to sell it to various banks or finance companies but was unable to realize any money thereon until 1954 when he collected proceeds from J. M. Housley to the extent of $6,666.66 in discharge of the debt represented by the note.

Petitioners did not report on their income tax return for 1951 any income resulting from the receipt of the note during that year, but reported income in the amount of $6,666.66 received in 1954 upon the discharge of the indebtedness.

The note received by petitioner on May 5, 1951, was not intended as payment of the indebtedness of J. M. Housley and had no fair market value at that time or at any time during 1951.

### OPINION.

The petitioners have taken the position that the receipt of the promissory note by Williams in 1951 was not intended as payment of the indebtedness of J. M. Housley and therefore did not result in the receipt of income during that year. In addition, the petitioners contend that if the foregoing note was received in payment of the debt, it nevertheless had no ascertainable fair market value and consequently cannot be considered the equivalent of cash.

The respondent has determined that the receipt by Williams of the note in question on May 5, 1951, constituted taxable income in that year under section 22(a) of the 1939 Code.

It is unquestioned here that promissory notes or other evidences of indebtedness received as payment for services constitute income, within the meaning of section 22(a) of the 1939 Code, to the extent of their fair market value. Regs. 118, sec. 39.22(a)–4. Cf. *Schlemmer* v. *United States*, 94 F. 2d 77; *Robert J. Dial*, 24 T. C. 117; *San Jacinto Life Insurance Co.*, 34 B. T. A. 186; *Great Southern Life Insurance Co.*, 33 B. T. A. 512, affd. 89 F. 2d 54, certiorari denied 302 U. S. 698.

Petitioners contend that the note in question was not received by Williams as payment, but merely as an evidence of indebtedness. Petitioner's testimony to the effect that the note was not payable until the maker, J. M. Housley, realized income from the sale of the timber property located by Williams supports his contention. The petitioner stated categorically that the note in question was not given to him in payment of the indebtedness of the maker.

The respondent points out that petitioners rely solely on the self-serving declarations of Williams and insists that without supporting evidence the foregoing testimony is not worthy of belief. However, it is not within our province arbitrarily to disregard the unimpeached

and uncontradicted testimony of a taxpayer. *A. & A. Tool & Supply Co.* v. *Commissioner*, 182 F. 2d 300; *Capitol-Barg Dry Cleaning Co.* v. *Commissioner*, 131 F. 2d 712; *Wright-Bernet* v. *Commissioner*, 172 F. 2d 343. Inasmuch as no conflicting evidence is apparent from the record herein, petitioners have established to our satisfaction that the note received by Williams on May 5, 1951, was not received in payment of the outstanding debt due him for the performance of his services. A note received only as security, or as an evidence of indebtedness, and not as payment, may not be regarded as income at the time of receipt. *Schlemmer* v. *United States, supra; Robert J. Dial, supra.* A simple change in the form of indebtedness from an account payable to a note payable is insufficient to cause the realization of income by the creditor.

In the event that petitioners had failed to show that the promissory note here in issue was not intended as payment, we still would be unable to sustain the respondent's determination. The note bore no interest and was unsecured. It was not payable until 1952. The maker of the note, J. M. Housley, was without funds at the time of its execution. Petitioner testified that he was in need of immediate cash in 1951 and upon receipt of the note on May 5 of that year he attempted on 10 or 15 occasions to sell it to various banks or finance companies, but was unable to realize any money thereon. Accordingly, petitioners have demonstrated that the note in question had no fair market value in 1951 and consequently it cannot be held to be the equivalent of cash during the year of receipt. Cf. *J. F. Weinmann*, 5 B. T. A. 885. The receipt by petitioner of the promissory note in 1951 does not constitute taxable income realized during that year.

*Decision will be entered under Rule 50.*