1082

Charles C. RIGGS, George R. Logan, N. Nelson Keen, and Henry B. Hutchings, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 4319–4322.

Circuit Court of Appeals, Third Circuit.

June 9, 1931.

Van Doren, Conklin & McNevin, of New York City (Edward S. Bentley and William R. Conklin, both of New York City, of counsel), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and John V. Groner and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges, and AVIS, District Judge.

AVIS, District Judge.

Petitioners appeal from the decision of the Board of Tax Appeals with relation to income taxes assessed against them for the year 1918.

The petitioners, with others, were stockholders of a corporation, known as the A. H. Lamborn Company, which corporation, operating during the year 1917, earned, less losses, $325,334.95, and this amount represents the undivided profits of the company as of December 31, 1917. On March 11, 1917, the corporation was dissolved, and the individual stockholders then formed a copartnership; its members being the former stockholders of the A. H. Lamborn Company. All of the assets of the corporation were transferred to the partnership, and the individuals composing the partnership had an interest therein equal to their respective interests in the dissolved corporation.

On March 15, 1919, each of the petitioners filed tentative returns, and paid the first installment, or one-fourth, of the estimated tax. The amount of the tax so reported by each petitioner was subsequently assessed against them, respectively.

Later, and after some correspondence between the Commissioner and counsel for the taxpayers, it was held that the petitioners were not required to pay a tax on the assets of the corporation turned over to the partnership, and completed returns were filed by the petitioners, omitting the amounts so transferred. This report apparently was not satisfactory to the Commissioner, and on or about February 19, 1924, petitioners signed and filed waivers, extending the time for making of additional assessments against the petitioners to June 15, 1925.

On March 6, 1925, additional assessments were made as follows: Charles C. Riggs, $10,004.14; George H. Logan, $3,938.24; N. Nelson Keen, $3,881.85; Henry B. Hutchings, $9,989.70.

Claims in abatement were filed by all of the petitioners, and on November 11, 1925, sixty-day notices were sent to petitioners rejecting the claims. The appeal was then taken to the Board of Tax Appeals, where the assessments were sustained, and the controversy was then removed into this court by petition for review.

The question of the power of the Commissioner to make the assessment under the statute and waivers filed was decided favorably to the government in the case of Florsheim Bros. Co. v. United States, 280 U. S. 453, 459, 460, 50 S. Ct. 215, 74 L. Ed. 542, and that case also disposed of the petitioners' contention of the invalidity of the deficiency assessment made upon the tentative return.

In the case heard by the Board of Tax Appeals, there were two petitioners, to wit, Gerard P. Tameling and B. Wheeler Dyer, in addition to those appearing here. The cases of these two taxpayers were, because of jurisdiction, appealed for review to the United States Circuit Court of Appeals for the Second Circuit. That court rendered a decision, based upon similar facts and upon similar arguments and contentions.

In an opinion by Circuit Judge Learned Hand, reported in 43 F.(2d) 814, the validity of the assessments of 1919 and 1925, the authenticity of the signature of the Commissioner annexed to the assessment, and the right to base the same upon the tentative returns, were decided in favor of the Commissioner, and this court agrees with the opinion of Judge Hand, both as to the fact and the law.

One question not passed upon by the Board of Tax Appeals, and not decided in the Second Circuit case, is raised in the brief of petitioners. It is claimed that the Board overlooked the fact that the amount assessed against the petitioner Riggs was reduced $3,593.96, as an overassessment, by certificate dated May 16, 1925.

It is apparent that counsel for Riggs has not fully considered the entire matter of

.assessments and deductions. The original tax assessed, as per tentative return, amounted to $7,000. A second assessment was made on March 6, 1925, amounting to $10,004.14, making a total of $17,004.14. The over-assessment abated by the certificate, dated May 16, 1925, was $3,593.96, leaving a net tax of $13,410.18. Mr. Riggs made two payments on account of this tax; the first, amounting to $1,750, when the tentative return was filed, and $1,656.04, when the completed return was filed—a total of $3,406.04. Deducting this amount from the net tax of $13,410.18, leaves $10,004.14, the balance due to make settlement.

The Board of Tax Appeals being correct in its application of the law and in the ascertainment of the amount due, its decision is affirmed.