### SMITH et al. v. UNITED STATES.
#### No. 17030.

District Court, E. D. Pennsylvania.
April 12, 1938.

Frederick E. S. Morrison (of Drinker, Biddle & Reath), of Philadelphia, Pa., for plaintiffs.

Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., and Thomas G. Carney, Sp. Asst. to Atty. Gen., for the United States.

MARIS, District Judge.

This is a suit by the trustees under the will of Edward B. Smith, deceased, against the United States to recover income taxes alleged to have been erroneously paid for the years 1924 and 1925. From the evidence I make the following special findings of fact:

Edward B. Smith died January 7, 1918, leaving a will by the eighth article of which he directed that one-half of his residuary estate be held in trust and that the net income thereof be paid to his widow, Laura Howell Smith, during her life. The latter elected to take under the terms of the will and to accept the benefits thereby conferred upon her in lieu of her dower and other statutory rights under the laws of Pennsylvania.

The petitioners are the trustees under the decedent's will. The four sons of the decedent and his wife, Albert L. Smith, Edward B. Smith, Jr., Geoffrey S. Smith, and John Story Smith, were entitled under the decedent's will to the principal of the trust after the death of their mother, the life tenant.

The decedent's widow received income from the trust during the calendar years 1924 and 1925 in the amounts of $52,845.34 and $51,845.34, respectively. She included these amounts in her income tax returns filed for the respective years and paid income tax in the amounts of $55,088.92 and $50,733.49, respectively, on this and other income received by her in those years.

The petitioners as trustees of the decedent's estate filed fiduciary returns for the years 1924 and 1925 disclosing the amounts of net income of the trust distributable to the widow and claiming such amounts as deductions in computing the net income of the trust. The trustees did not file individual income tax returns for the trust for either year.

The decedent's widow, Laura Howell Smith, died June 11, 1927. The residuary legatees of her estate were her sons, Albert L. Smith, Edward B. Smith, Jr., Geoffrey S. Smith, and John Story Smith.

On March 12, 1929, the Girard Trust Company, as one of the executors of the estate of the widow, filed claims for the refund of income tax paid by her for the years 1924 and 1925 in the amounts of $20,217.43 and $10,976.60, respectively, representing that portion of the taxes paid by her for those years attributable to the income distributed to her from the trust created by the will of her deceased husband.

On March 15, 1929, a notice of deficiency of income tax for the years 1924 and 1925 in the total amount of $105,823.41, addressed to "Est. of Edward B. Smith, c/o Girard Trust Co., Phila., Pa.," was sent by registered mail from the office of the collector of internal revenue at Philadelphia. The notice was on the letterhead of the Commissioner of Internal Revenue, Treasury Department, Washington, and was in the usual form. It was signed, "D. H. Blair, Commissioner, By J. S. MacLaughlin, Collector of Internal Revenue." In a statement attached to the notice of deficiency, the amount of deficiency asserted for the year 1924 was stated to be $55,089.92 and for the year 1925 $50,733.49. The notice was prepared and sent by an authorized subordinate of the collector after an examination of the claims for refund filed three days previously by the widow's executor, pursuant to instructions in writing given the collector by H. F. Mires, assistant to the Commissioner, under date of February 27, 1929.

No appeal was taken by the trustees of the decedent's estate to the Board of Tax Appeals, and on July 13, 1929, the Commissioner of Internal Revenue assessed the deficiencies in income tax proposed in the notice of March 15th, with interest. On July 19, 1929, the collector of internal revenue at Philadelphia demanded payment of these assessments, and on August 2, 1929, petitioners paid the sum of $12,048.-64 on account of the assessments, $6,779.-90 on account of the tax and interest assessed for 1924, and $5,268.74 thereof on account of the tax and interest assessed for 1925. The sum thus paid was charged by the petitioners against the principal of the trust for the decedent's widow, who was then deceased, and on January 31, 1930, the principal account was reimbursed in the same amount by Albert L. Smith, Edward B. Smith, Jr., Geoffrey S. Smith, and John Story Smith, the persons entitled

to the principal of the trust fund in remainder.

On October 7, 1929, petitioners filed with the collector claims for the refund of the taxes so paid for the years 1924 and 1925 in the amounts of $6,779.90 and $5,-268.74, respectively. On or about December 16, 1930, the Commissioner redetermined the income tax liability of the estate, including interest, for the year 1924 to be $6,018.54 and for the year 1925 $4,-670.50. Thereupon the Commissioner abated the unpaid balance of the assessment of $130,251.44 made on July 13, 1929, and refunded to petitioners the sum of $1,359.-60 representing the difference between the amount paid by them on August 2, 1929, and the amount redetermined to be due. As to the balance, aggregating $10,689.04, the Commissioner rejected the petitioners' claims for refund. That amount correctly represents the total income tax due and payable for the years 1924 and 1925 by the decedent's estate if the income of the trust distributed to the decedent's widow is not allowed as a deduction in determining the taxable net income of the estate.

The claims for refund filed on behalf of the estate of the decedent's widow on March 12, 1929, were allowed by the Commissioner and the amounts claimed with interest, representing that portion of her income taxes for the years 1924 and 1925 applicable to the income distributed to her from the decedent's estate, were paid to the Girard Trust Company, as executor of her estate, on January 13, 1931. The amounts so refunded were credited to the principal of her estate and distributed to her residuary legatees Albert L. Smith, Edward B. Smith, Jr., Geoffrey S. Smith, and John Story Smith.

If the petitioners succeed in the present suit, the amounts recovered by them will be distributed equally to Albert L. Smith, Edward B. Smith, Jr., Geoffrey S. Smith, and John Story Smith, as remaindermen under the decedent's will.

Other facts which may be material appear in the stipulation of facts and additional stipulation of facts filed by the parties and are incorporated herein by reference.

### Discussion.

The petitioners have brought this suit to recover the sum of $10,689.04, the unrefunded portion of the income tax for the years 1924 and 1925 which they paid

on August 2, 1929, on the trust estate of Edward B. Smith, deceased. They contend that the taxes so paid were not assessed within the period of the statute of limitations and consequently must be considered overpayments refundable to them under the provisions of section 607 of the Revenue Act of 1928, 26 U.S.C.A. § 1670 (a) (2). It may be conceded that if the assessments were not made within the period limited the petitioners' position would be well founded. McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed ——. It, therefore, becomes necessary to determine whether the assessments were timely made.

Section 277 (a) of the Revenue Act of 1926, 44 Stat. 58, provided a period of four years after the return was filed in the case of the year 1924, and three years after the return was filed in the case of the year 1925, within which income taxes for those years might be assessed. These periods of limitation expired on March 15 and 16, 1929. It is conceded that these periods of limitation were not extended by agreement.

Section 277 (b) of the Revenue Act of 1926, 44 Stat. 58, provided that the running of the statute of limitations laid down in subdivision (a) of the section on the making of assessments should (after the mailing of a notice of deficiency) be suspended for the period during which the Commissioner is prohibited from making the assessment and for 60 days thereafter. By section 274 (a), 44 Stat. 55, it is provided that no assessment shall be made until a notice of deficiency has been mailed to the taxpayer nor until the expiration of the period of 60 days thereafter within which the taxpayer may petition the Board of Tax Appeals for a redetermination, nor, if such a petition has been filed, until the decision of the Board has become final.

▆▆ No petition to the Board was filed in the present case. Consequently section 277 (b) extended the statute of limitations for a total period of 120 days. The assessments were made on July 13, 1929, exactly 120 days after March 15, 1929. Consequently the assessment was timely if the notice mailed by the collector of internal revenue at Philadelphia on March 15th was a notice of a deficiency within the meaning of the Revenue Act.

The petitioners strongly urge that it was not such a notice, however. They point out that it was signed and mailed by the collector of internal revenue at Philadelphia, and they contend that he was not authorized by the Revenue Act to determine a deficiency or to send notice thereof to the taxpayer. Their argument is that the law does not permit the Commissioner of Internal Revenue to delegate to a collector this power and duty. I think it is clear, however, that the collector is an officer inferior in authority to and acting under the Commissioner, Tait v. Western Md. Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405, to whom the authority to perform these duties in the administration of the internal revenue laws may properly be delegated. Furthermore, it appears that in the present case the Commissioner, acting through his statutory assistant, by letter dated February 27, 1929, specifically empowered the collector to perform the duties which he carried out in this case.

It is true that specific authorization from the Commissioner to his assistant to delegate this authority to the collector was not shown. The assistant to the Commissioner is a public officer, however, who is provided for by statute, Revenue Act 1926, § 1201 (b), 26 U.S.C. §§ 1705, 1706, 26 U.S.C.A. §§ 1705, 1706. He is appointed by the President by and with the advice and consent of the Senate and is authorized by law to perform such duties as may be prescribed by the Commissioner. In carrying on the business of an organization so vast as that of the Bureau of Internal Revenue, it is obvious that the Commissioner must necessarily function to a very large extent through his statutory assistant. The statute clearly contemplates that this officer shall assist him and act for him in matters relating to the assessment and collection of internal revenue taxes. Here the assistant to the Commissioner deputized the collector at Philadelphia to determine these deficiencies and send notice of them to the taxpayer. His action in so doing, which presupposes authority to do so conferred upon him by the Commissioner, is accordingly presumptive proof of the latter. Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647; Tameling v. Commissioner, 2 Cir., 43 F.2d 814; Riggs v. Commissioner, 3 Cir., 50 F.2d 1082. I, therefore, conclude that the notice of deficiency mailed on March 15th was sent by the Commissioner within the meaning of section 274 (a) of the Revenue Act.

▆▆ The petitioners urge, however, that when that notice was sent there had been

no determination, within the meaning of the Revenue Act, of a deficiency, and they point to the fact that the amount of the deficiency claimed was the same as the total tax paid by the widow for the years in question and in fact exceeded the entire income of the trust distributable to her for those years. It will of course be conceded that this determination was grossly excessive and erroneous. It does not follow, however, that it was not a determination within the meaning of the act. A determination by the Commissioner of a deficiency in tax may be ever so erroneous, but if it is in good faith made in the effort to secure for the government taxes believed to be due, it is sufficient to toll the statute of limitations and the taxpayer's remedy is either to appeal to the Board of Tax Appeals or, as in this case, to pay the tax exacted and claim the refund thereof.

The petitioners further contend that the collector's subordinate in making the determination in question did not follow the instructions of the assistant to the Commissioner. This may be so, but it does not alter the fact that the determination was made, although erroneously, by an official subordinate to the Commissioner and acting under his directions. It is equally immaterial that the collector's subordinate did not have before him the return of the estate when the deficiency was computed. In assessing income taxes the Commissioner is not confined to the taxpayer's return as a basis. Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453, 50 S.Ct. 215, 74 L.Ed. 542. This is especially true where, as here, the estate did not file individual income tax returns for the years involved but merely fiduciary returns. I accordingly conclude that the notice of deficiency sent to the estate on March 15, 1929, tolled the statute of limitations. The assessments made on July 13th were, therefore, in time.

It is conceded that under the rule announced by the Supreme Court on December 11, 1933, in Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L. Ed. 365, which overruled the earlier contrary decisions of three Circuit Courts of Appeals in Warner v. Walsh, 2 Cir., 15 F.2d 367, United States v. Bolster, 1 Cir., 26 F.2d 760, 59 A.L.R. 491, and Allen v. Brandeis, 8 Cir., 29 F.2d 363, the assessments made against the decedent's estate were wholly erroneous. The petitioners

accordingly assert that they are entitled to recover in this action the taxes paid pursuant to these erroneous assessments. It is conceded also that since the estate was not liable for the tax upon the income of the trust distributed to the widow, the latter was liable for it. It necessarily follows that the taxes which she paid upon this income for the years 1924 and 1925 were properly exacted from her. The refund of these taxes to her executors, which was proper under the former decisions above mentioned, is, therefore, now seen to have been erroneous.

These refunds which the Commissioner made under the authority of the erroneous decisions to which I have referred are set up as an equitable defense to this action. The defendant's contention is that the petitioners are not entitled in equity and good conscience to a recovery which will be for the benefit of the four sons of the decedent when there has already been erroneously refunded to fiduciaries for these same individuals a larger sum representing taxes which had been paid by their mother upon the same income and which, according to the law as afterward laid down by the Supreme Court, the government should have retained. In support of its contention the defendant relies upon the case of Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265.

That case also involved a trust provided by a decedent for his widow which she had elected to accept in lieu of her dower or statutory interest. Under the decisions to which I have referred, the widow did not include in her income tax return any portion of the income received by her from the trust. A tax upon the income was assessed against the trustees and paid by them under protest. The trustees brought suit to recover back the tax upon the ground that under Helvering v. Butterworth, supra, the income was taxable to the widow and not to them. At the time Helvering v. Butterworth was decided the statute of limitations had barred the assessment of the tax against the widow, however. The government interposed the defense that the tax which should have been paid by the widow exceeded that paid by the trustees and that, as any recovery would inure to the advantage of the widow, the trustees were not entitled in equity and good conscience to recover. The Supreme Court, holding that the action to recover taxes erroneously paid is an action for money had and received which is con-

trolled by equitable principles, sustained the equitable defense set up by the government and affirmed the judgment entered below in its favor. Mr. Justice Stone said, 301 U.S. 532, at pages 537, 538, 57 S.Ct. 851, 854, 81 L.Ed. 1265: "Equitable conceptions of justice compel the conclusion that the retention of the tax money would not result in any unjust enrichment of the government. All agree that a tax on the income should be paid, and that if the trustees are permitted to recover no one will pay it. It is in the public interest that no one should be permitted to avoid his just share of the tax burden except by positive command of law, which is lacking here. No injustice is done to the trustees or the beneficiary by withholding from the trustees money which in equity is the beneficiary's, and which the government received in payment of a tax which was hers to pay. A single error on the part of the taxing authorities, excusable in view of persistent judicial declarations, has caused both the underassessment of one taxpayer and the overassessment of the other. But the error has not increased the tax burden of either, for whether the tax is paid by one or the other, its source is the fund which should pay the tax, and only the equitable owner of the fund is ultimately burdened. Cf. United States Paper Ass'n v. Bowers (C.C.A.) 80 F.2d 82. Since in equity the one taxpayer represents and acts for the other, it is not for either to complain that the government has taken from one with its right hand, when it has, because of the same error, given to the other with its left."

I am satisfied that the principal laid down in Stone v. White, supra, rules the present case and supports the defense interposed by the government. While it is true as urged by the petitioners that in the present case the widow actually did pay the tax which was afterwards refunded to her executors, I do not think that point material. United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272. Nor is it material that when the assessments were made against the estate in this case the government had in its hands the taxes previously paid by the widow on the same income. The significant fact is that the widow had previously filed claims for the refund of these taxes, which claims under the law as it then stood would have to be allowed.

The petitioners further attempt to distinguish the cases upon the ground that in the present case the widow has died and the refund sought will inure to the benefit of the remaindermen under the decedent's will, whereas the taxes originally paid by the widow were refunded through her executors to her residuary legatees. The petitioners, however, ignore the fact that the remaindermen under the decedent's will and the residuary legatees under his widow's will are the same individuals, namely, the four sons of the decedent and his wife. The money here sought to be recovered is in equity theirs. It appears, however, that they now have in their hands, because of an erroneous refund which cannot be recovered back, sums, largely in excess of the amount here sought, which their mother had paid to the government as a tax on the same income, and which the government was lawfully, as it now appears, entitled to retain. It is clear that the government has not been unjustly enriched by the money here sought to be refunded and that the four individuals concerned will not be injured if recovery here is denied. Certainly a tax on the income here involved should be paid, and if the petitioners are permitted to recover, no one will pay it.

I accordingly reached the following conclusions of law:

The letter of March 15, 1929, signed by the collector of internal revenue at Philadelphia was a notice of deficiency within the meaning of section 274 of the Revenue Act of 1926, 44 Stat. 55.

The assessments made against the decedent's estate on July 13, 1929, were not barred by the statute of limitations.

The petitioners are not entitled in equity and good conscience to recover in this action.

I accordingly find in favor of the defendant.