Harold M. EDMONDS et al.

v.

UNITED STATES of America.

No. 56–C–12.

United States District Court
E. D. Wisconsin.

Feb. 19, 1957.

Paul P. Lipton, Milwaukee, Wis., for plaintiffs.

Edward G. Minor, U. S. Atty., by Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This case is before the court on the plaintiffs' motions to strike the government's first affirmative defense and for judgment on the pleadings.

The plaintiffs brought this action for refund of taxes for each of the years 1942 through 1949. The Government, in its answer, asserted as an affirmative defense that the plaintiffs are barred from any recovery of taxes and penalties paid because of a Form 870 Agreement, executed by them and accepted by the Commissioner of Internal Revenue on February 18, 1953, whereby, it is alleged, the tax liability of the plaintiffs for each of the years in question was finally settled and compromised.

The Form 870 Agreement in question was accepted by an Assistant District Commissioner (appellate). There is no allegation or indication that the Secretary of the Treasury, the Undersecretary or an Assistant Secretary approved the Form 870 Agreement, under the provisions of 26 U.S.C.A. § 3760(b) of the tax code then in force. This court considered the validity of a Form 870 Agreement which did not comply with 26 U.S.C.A. § 3760(b) in John v. United States, D.C.1956, 138 F.Supp. 89. In that case the court held that a Form 870 Agreement, which was not signed by the proper statutory authorities, binds neither the Government nor the taxpayer, and may not be used as a bar to the bringing of an action for the refund of taxes. No case has been cited to the court which would move the court to reverse its decision in the John case.

The Government has argued that Bennett v. United States, 7 Cir., 1956, 231 F.2d 465 is contrary to the court's opinion in John v. United States, supra. This court does not believe that the issue presented in the instant case is governed by the language in the Bennett case.

▮▮ The plaintiffs contend that the Government's second affirmative defense, alleging that the plaintiffs filed false and fraudulent income tax returns for each of the years 1942 through 1949, is defective because it alleges fraud in general terms. The court sees no merit to this contention. The government's second affirmative defense gives the plaintiffs fair notice of the nature of the defense. The defendant need do no more. 2 Moore's Federal Practice (2 ed.) § 8.13.

▮ The present state of the pleadings is such that the court could not grant judgment on the pleadings. There are few allegations in the complaint which are not disputed in the answer. It is elementary law that all well-pleaded allegations of the opposing party's pleadings are to be taken as true, and that all allegations of the moving party which are denied are to be taken as false. Judgment on the pleadings should not be granted unless the moving party is clearly entitled to judgment. The court can make no such determination in this case.

▮▮ During the course of oral argument, defendant's counsel contended that its first affirmative defense, while not specifically mentioning equitable estoppel, was broad enough to support proof of equitable estoppel. The pleading in question states:

"Defendant avers that the plaintiffs are barred from any recovery herein because of an agreement, executed by them and accepted by the Commissioner of Internal Revenue on February 18, 1953, whereby the tax liability of plaintiffs, for each of the years here in question, was finally settled and compromised."

The words "barred" and "finally settled and compromised" in no way suggest an estoppel. The burden is upon the pleader to give fair notice of his affirmative defense to the opposite party. The court does not believe that the affirmative defense quoted above gives fair notice of any alleged claim of estoppel. For that reason the contention of the defendant must fail.

▮ The defendant moved the court for permission to file an amendment to its first affirmative defense, so that it might

set out the defense of equitable estoppel. Any such amendment is for the sound discretion of the court.

The following observations are pertinent to the motion to amend. First, the Commissioner must have been aware that the courts were holding the Form 870 Agreements, which were not approved under the procedure set forth in 26 U.S. C.A. § 3760(b), non-binding on either the Government or the taxpayer. The Commissioner must also have known that he could have made the Form 870 Agreement in question final at any time by securing the necessary statutory approval. He did not do so. There is serious question in the Court's mind as to just how much "reliance" the Commissioner was justified in placing on the Form 870 Agreement.

Second, although this court is not deciding the issue, there is a line of cases holding that there can be no equitable estoppel in these situations. Joyce v. Gentch, 6 Cir., 1944, 141 F.2d 891; Cabin Creek Consolidated Coal Co. v. United States, 4 Cir., 1943, 137 F.2d 948; Davidson v. United States, D.C.E.D.Wis. 1944, 58 F.Supp. 481; Hamil v. Fahs, D.C.Fla.1955, 129 F.Supp. 837. The rationale of the cited cases is that even though the statute of limitations has run against the government in a suit for refund, the government has a right of recoupment, and thus the statute of limitations is obviated.

For the above reasons, it is the opinion of this Court that the Form 870 Agreement executed by the plaintiffs herein is not a bar to the bringing of an action for refund of taxes. The Government's first affirmative defense is legally insufficient, and for that reason it will be stricken without prejudice to the defendant to bring another motion to amend, with an accompanying affidavit setting forth facts which would indicate that there is some basis for the alleged defense of estoppel.

Plaintiffs' motion for judgment on the pleadings will be denied.

Plaintiffs' counsel may prepare an order in conformity herewith, submitting it to counsel for the Government for approval as to form only.