NICHIMEN AMERICA, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 87–01–00047

(Dated September 22, 1988)

*Arvey, Hodes, Costello & Burman, (Ralph A. Mantynband,* on the motion) for the plaintiff.

---

[59]*Consolo v. Federal Maritime Commission,* 383 U.S. 607, 620 (1966).
[60]*Shell Oil Co.* v. *Federal Energy Regulatory Commission,* 707 F.2d 230, 235 (5th Cir. 1983).

*John R. Bolton,* Assistant Attorney General, *David M. Cohen,* Director, U.S. Department of Justice, Civil Division, Commercial Litigation Branch (*Velta A. Melnbrencis,* on the motion) for the defendant.

## OPINION

CARMAN, *Judge:* Plaintiff moves for summary judgment or, in the alternative, judgment on the pleadings. Plaintiff claims a refund of $72,919.83 paid to the United States for additional liquidated dumping duties on entries of television receivers.

Defendant opposes plaintiff's motion for summary judgment upon the grounds that this Court lacks subject matter jurisdiction to entertain plaintiff's claim in an action pursuant to 28 U.S.C. § 1581(a) and claims that the United States is entitled to judgment as a matter of law. Defendant cross-moves for summary judgment upon the grounds that there are no material facts in issue and defendant is entitled to judgment as a matter of law.

## BACKGROUND AND FACTS

Plaintiff is the importer of television receivers manufactured in Japan. The ten sets in question were imported between May and November of 1976, during a time when imports of Japanese television receivers were subject to an antidumping order issued by the Treasury Department in March of 1971 (T.D. 71–76, 5 Cust. Bull. 151). The receivers were released prior to formal entry under a special delivery permit, accompanied by an immediate consumption and entry bond. The amount of duties, both normal customs and antidumping duties, were estimated at a combined rate of 9% *ad valorem.* The goods were released into the stream of commerce between May and November, 1976.

On August 15, 1986, approximately ten years after importation, the entries were liquidated and a 3.37% *ad valorem* antidumping duty was assessed. Plaintiff paid the duties assessed and filed a protest of the liquidation on or about September 19, 1986. The protest was denied and plaintiff then filed a summons and complaint commencing this action in January 1987.

## DISCUSSION

Summary judgment may be granted under Rule 56 of the rules of this Court if "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law * * *." *Chrysler Corporation* v. *United States,* 11 CIT 453, 664 F. Supp. 527, 530 (1987) (citing *SRI International* v. *Matsushita Electric Corporation of America,* 775 F.2d 1107, 1116 (1985)). Similarly, under Rule 12(c) of the rules of this Court, judgment on the pleadings "must be granted if there are no disputed facts and the movant is clearly entitled to judgment as a matter of law." *C. J. Tower & Sons of Buffalo, Inc.,* v. *United States,* 343 F. Supp. 1387, 1390 (Cust. Ct. 1972) (citing *Edmonds* v. *United States,* 148 F. Supp. 185 (E.D. Wisc. 1957).

In this case, summary judgment and judgment on the pleadings must be denied since there are material questions of fact which are in dispute. Plaintiff contends that a certain settlement agreement entered into by agencies of the defendant United States and Montgomery Ward, but to which plaintiff was not a party, was nevertheless intended to affect the rights of plaintiff. On the other hand, defendant maintains that the settlement agreement was never intended to settle or compromise claims that the United States had against plaintiff. The dispute as to the intent of the parties to the settlement agreement presents a material question of fact that the litigants in this action should be permitted to present to the trier of facts.

Another issue centers on whether certain receivers were inspected by Customs officials. Plaintiff contends that the goods were not physically before the Customs inspector when the sets were appraised, resulting in a void appraisal. Defendant claims the appropriate Customs officer performed whatever inspection or examination was deemed necessary in order to determine the nature of plaintiff's imports whether the sets conformed to the invoice description. Such material issues of fact should be left to the determination of the trier of facts.

Defendant, in cross-moving for summary judgment, urges that this Court lacks jurisdiction over plaintiff's challenge to the assessment of antidumping duties. Defendant's application is denied with leave to renew.

### Conclusion

In view of the foregoing, plaintiff's motion for summary judgment or, in the alternative, for judgment on the pleadings is denied. Further, defendant's cross-motion is denied.